UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Le'Kia Clark, on behalf of herself and all those similarly situated who consent to representation, ) ) ) | |
| ) | Civil Action No. |
| Plaintiff, ) ) | |
| v. ) ) | FLSA Collective Action |
| Shooter Alley, Inc. a Georgia Corporation, ) ) ) | Jury Trial Demanded |
| Defendant. ) | |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Le'Kia Clark by and through her undersigned counsel, and files this Collective Action Compliant against Defendant Shooter Alley, Inc. (hereinafter "Defendant") on behalf of herself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1.  The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of minimum wage and the overtime provisions of the

FLSA by Defendant which have deprived Plaintiff and those similarly situated of their lawful minimum and overtime wages.

2. Plaintiff brings this action as a collective action on behalf of herself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b). <u>Plaintiff's individual consent to sue and serve as representative Plaintiff is incorporated herein as Exhibit A.</u>

3. Other current and former employees similarly situated of Defendant are also entitled to receive minimum wage and overtime compensation for the reasons alleged in this Complaint.

4. Plaintiff may be permitted to maintain this action "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).

5. Any similarly situated current or former employee of Defendant wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

6. This action is brought to recover unpaid minimum and overtime wages owed to Plaintiff and other current and former entertainers of Defendant who are similarly situated to Plaintiff, pursuant to the FLSA.

7. Plaintiff and any collective group similarly situated were or are improperly classified as independent contractors by Defendant working as entertainers.

8. During the term of work of Plaintiff, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendant committed widespread violations of the FLSA by failing to compensate workers at the legally appropriate minimum and overtime wages.

9. Plaintiff and all similarly situated current and former workers of Defendant who elect to participate in this action seek unpaid minimum and overtime wages, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

11. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and within this District.

## PARTIES

12. Plaintiff resides in Atlanta, Georgia (within this District) and is a citizen of the United States.

13. At all times material to this action, Plaintiff and those similarly situated were "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff and those similarly situated are further covered by §§ 203 and 207 of the FLSA for the period in which they were employed by Defendant as entertainers.

14. Defendant is a corporation formed under the laws of the State of Georgia.

15. Defendant conducts business within this State and District.

16. For purposes of this lawsuit, Defendant can be served through its registered agent, Edward Gilgor, 4213 Fellowship Road, Suite C, Atlanta, Georgia 30084.

17. Defendant is an adult entertainment nightclub ("Shooter Alley") located at 5803 Buford Highway NE, Doraville, Georgia 30340.

18. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

19. Plaintiff and others similarly situated are individuals who have worked as entertainers at Shooter Alley in the three years prior to the filing of this lawsuit.

## FACTUAL ALLEGATIONS

20. At all times for the three years prior to the filing of this Complaint, Defendant has employed female entertainers at Shooter Alley.

21. At all times for the three years prior to the filing of this Complaint, Defendant has categorized all entertainers working at Shooter Alley as "independent contractors."

22. At all times for the three years prior to the filing of the instant Complaint, Defendant has not required entertainers to have any specialized training or background. Defendant has, however, established specific work schedules for entertainers; required entertainers to dance at specified times and in a specified manner on stage and for customers; regulated entertainers' interactions with customers; set the price entertainers were allowed to charge for dances; made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory; and made all hiring decisions regarding waitstaff, security, entertainer, managerial and other employees at Shooter Alley.

23. At all times for the three years prior to the filing of this Complaint, Defendant has required entertainers, including Plaintiff, to pay fees including, but not limited to, $60 per shift for the house fee; $20 fee to the DJ; and $10 fee to the house "mom."

24. If entertainers missed a shift or left a shift early, they were required to pay a fine to Defendant.

25. Plaintiff and those similarly situated worked over forty hours in some weeks they worked for Defendant.

26. Defendant has never paid entertainers any amount as wages. Instead, entertainers' source of work related income is gratuities they receive from customers.

27. Because Defendant did not pay Plaintiff and those similarly situated any wages, Defendant did not pay Plaintiff and those similarly situated one-and-a-half times their regular rate of pay when Plaintiff and those similarly situated worked over forty hours in a given workweek.

28. Defendant knew, or showed reckless disregard for the fact that it misclassified these individuals as independent contractors, and accordingly failed to pay these individuals minimum wage and overtime at the required rates under the Fair Labor Standards Act.

29. Plaintiff on behalf of herself and those similarly situated who consent to representation demands a trial by jury.

## COUNT I – MINIMUM WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

30. The above paragraphs are incorporated by reference as if fully set forth herein.

31. This claim arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay a minimum wage to Plaintiff and those similarly situated to which they were entitled.

32. The minimum wage provisions of the FLSA apply to Defendant.

33. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and those similarly situated were entitled to be compensated at a rate of at least $7.25 per hour.

34. Defendant was not allowed to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201, *et. seq.*, because Defendant provided no notice to employees of its intention to take a tip credit and because Plaintiff and those similarly situated were not allowed to keep all of their tip money.

35. Defendant, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiff and those similarly situated.

36. By failing to compensate Plaintiff and those similarly situated minimum wage, Defendant violated, and continued to violate, their statutory rights under the FLSA.

37. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

38. Plaintiff and those similarly situated who consent to representation, seek damages in the amount of their respective unpaid minimum wage, liquidated

damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

39.     Plaintiff and those similarly situated who consent to representation, seek recovery of attorneys' fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II – OVERTIME WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

40.     The above paragraphs are incorporated by reference as if fully set forth herein.

41.     This claim arises from Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay overtime compensation to Plaintiff and those similarly situated to which they were entitled.

42.     The overtime provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, apply to Defendant.

43.     Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiff and those similarly situated were entitled to be compensated at one-and-a-half times their regular rate of compensation for all hours worked over forty hours in any given workweek.

44.     Defendant, pursuant to their policies and practices, refused and failed to pay any wage at all to Plaintiff and those similarly situated.

45. Defendant did not pay one-and-a-half times Plaintiff's regular rate for hours worked in excess of forty hours per week because Defendant paid no wages at all.

46. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

47. Plaintiff, on behalf of herself and those who consent to representation, seek damages in the amount of their respective unpaid overtime wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

48. Plaintiff, on behalf of herself and those who consent to representation, seek recovery of attorneys' fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and all other similarly situated who consent to representation, pray for judgment against Defendant as follows:

   a. Issuance of notice pursuant to 29 U.S.C. U.S.C. § 216(b) as soon as possible to all entertainers who worked for Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed,

describe the nature of the action, and explain their right to opt into this lawsuit without fear of reprisal, retaliation, or abuse by Defendant;

b. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages, overtime wages, and fines/fees paid;

c. An equal amount to Plaintiff's damages as liquidated damages;

d. Judgment against Defendant that their violations of the FLSA were willful;

e. An award of prejudgment interest; and

f. All costs and attorneys' fees incurred in prosecuting these claims.

Respectfully submitted this 19th day of March, 2013.

        MARTIN & MARTIN, LLP

    By:   /s/Kimberly N/. Martin
           Kimberly N. Martin
           kmartin@martinandmartinlaw.com
           Georgia Bar No. 473410
           Thomas F. Martin
           tfmartin@martinandmartinlaw.com
           Georgia Bar No. 482595

**MARTIN & MARTIN, LLP**
Post Office Box 1070
Tucker, Georgia 30085-10170
Telephone 404.313.5538
Fax 770.827.2678