UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Le'Kia Clark, on behalf of herself and all those similarly situated who consent to representation,<br><br>    Plaintiff,<br><br>v.<br><br>Shooter Alley, Inc. a Georgia Corporation,<br><br>    Defendant. | Civil Action File<br>No. 1:13-cv-00862-CAP |

## RENEWED CONSENT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MEMORANDUM OF LAW IN SUPPORT

### INTRODUCTION

Plaintiffs **LE'KIA CLARK, BRITTANI GRIFFEY, WHITNEY MILLER, DESTINEE DORSEY, EBONY MERCADO, CHINA KNOX, KATYIA PARRISH, SANDRIKA SEARS, HILLARI MONTEITH and TIARA PAYNE** ("Plaintiffs") and Defendant Shooter Alley, Inc. jointly file this renewed consent motion for approval of their settlement agreement, and memorandum of law in support requesting that the Court approve the Parties' settlement and direct the Clerk to close the case. This renewed motion is based

1

upon the Settlement Agreement and Release ("Settlement Agreement") (attached as Exhibit A)[1],[2] and all the files, records, and proceedings herein. The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## I.  Factual Background

On March 19, 2013, Plaintiffs filed their Complaint initiating this lawsuit, in which they alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("the Lawsuit"). (*See* Pls.' Compl.; Doc. 1). Defendant answered the Complaint on April 29, 2013, denying any wrongdoing

---

[1] In light of the Court's prior denial of the parties' original Consent Motion, this Renewed Consent Motion includes a revised Settlement Agreement that no longer contains the non-disclosure/confidentiality provisions.

[2] Exhibit A includes the signatures to the Settlement Agreement of nine (9) of the ten (10) Claimants.  At the time of this filing, opt-in Plaintiff Hillari Monteith has not yet returned her signature page.  Approximately seven (7) weeks ago, during a telephone conference with Plaintiff Monteith, Plaintiffs' counsel verbally went over the terms of the Settlement Agreement with Plaintiff Monteith.  Plaintiff Monteith agreed to the terms, did not object to any of the terms, and agreed to sign the Settlement Agreement.  Thereafter, Plaintiffs' counsel attempted on numerous occasions to obtain Plaintiff Monteith's signature page.  However, Plaintiff Monteith did not return contact with Plaintiffs' counsel.

The evening prior to filing the original Consent Motion, Plaintiff Monteith left Plaintiffs' counsel a voicemail stating that she wanted counsel to resend a copy of the Settlement Agreement to Plaintiff Monteith so that she could sign the Settlement Agreement.  Plaintiffs' counsel has resent Plaintiff Monteith the Settlement Agreement to sign.  After the filing of the original Consent Motion, Plaintiffs' counsel again spoke with Plaintiff Monteith who again verbally agreed to the Settlement Agreement and promised to return her signed agreement.  To date, however, Plaintiff Monteith has not done so.  Given the difficulty in getting Plaintiff Monteith's signature to the Settlement Agreement, the Parties request the Court approve this Motion based upon Plaintiff Monteith's verbal agreement to the Settlement Agreement along with her Consent to Sue which permits Plaintiffs' counsel to represent Plaintiff Monteith in settlement of this matter.

under the FLSA and that Plaintiffs were owed any additional compensation. [Doc. 7]. Thereafter, the parties engaged in written discovery.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. The Parties, through their respective counsel, have engaged in arms-length settlement negotiations to resolve their dispute since November, 2013. The terms and conditions of settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case.

The Parties have reached a structured settlement of $80,000.00 (payable in four (4) equal monthly installments of $20,000/month over four (4) months) to resolve the Plaintiffs' claims for unpaid minimum wages, liquidated damages, and attorney's fees, as outlined in more detail in the proposed Settlement Agreement. Plaintiffs' legal services contracts with their counsel provides that their counsel shall receive a 40% contingency fee for $32,000.00. (*See* Fee Contracts, Exhibit B).

The Parties state and agree that the terms and conditions of settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interest of the Parties. The Parties have entered into the Settlement Agreement because the Settlement Agreement reflects a reasonable compromise of the Parties' disputed

issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II.     Memorandum of Law in Support of the Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as

FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3 (quoting *In re*

*Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Any fee agreement between a plaintiff and his or her counsel "must be disclosed to a court when a FLSA settlement is filed for approval" so that the Court can evaluate the reasonableness of the proposed settlement. *Martin v. Huddle House, Inc.*, Civ. No. 2:10-cv-00082-WCO [Doc. 16], at 3-4 (N.D. Ga. May 18, 2011).

### III.  Analysis

In their complaint, Plaintiffs alleged that they were misclassified as independent contractors by Defendant. (*See* Pls.' Compl., ECF No. 1). Plaintiffs contended that Defendant owed them the minimum wage and liquidated damages for the hours they worked for Defendant. Although Defendant disputed these contentions, the Parties engaged in discovery, followed by arms-length settlement negotiations and were able to reach an agreement to resolve this matter through private negotiation between their respective counsel. (*See* Settlement Agreement; Exhibit A).

In terms of fairness of the Settlement Agreement, Plaintiffs' probability of success was uncertain, and even if Plaintiffs had succeeded in showing liability, the amount of damages was also uncertain. Thus, settlement of the action in favor of certainty was a fair and reasonable decision. The Parties have worked together to reach a structured settlement that adequately compensates Plaintiffs for their alleged unpaid wages and for their attorney's fees and costs incurred in bringing this lawsuit according to the terms of the contingency fee agreement between Plaintiffs and their counsel. (*See* Settlement Agreement [Exhibit A]; Fee Contracts [Exhibit B]). Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

WHEREFORE, Plaintiffs and Defendant pray that this Court will enter an Order approving the settlement. A proposed order is attached hereto.

This 3rd day of March, 2014.

Respectfully submitted,

s/ Dean R. Fuchs
Dean R. Fuchs
Georgia Bar No. 279170
drf@swtlaw.com
Attorney for Defendant

SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303

7

(404) 688-6800
(404) 688-6840 facsimile

                                             /s/Kimberly N. Martin____
                                             Kimberly N. Martin
                                             Georgia Bar No.473410
                                             Kimberlymartinlaw@gmail.com
                                             Attorney for Plaintiffs

MARTIN & MARTIN, LLP
235 Peachtree Street NE
Suite 400
Atlanta, Georgia 30303

MAILING ADDRESS (all mail should be sent to the following)
Post Office Box 1070
Tucker, Georgia 30085
Tel. 404.313.5538
Fax  770.837.2678

8